IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs | § | No. P: 26-CR-139-001 |
| | § | |
| MISAEL HERNANDEZ-RODRIGUEZ | § | |

# MOTION FOR DOWNWARD VARIANCE

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS

The defendant, MISAEL HERNANDEZ-RODRIGUEZ, by and through his attorney of record, W.E. HERMAN III, respectfully requests that this Court pursuant to 18 § 3553, impose a downward variance from the sentence set out in the defendant's Presentence Report of from 57 to 71 months (See defendant's PSR at paragraph 51) for the reasons set out:

1. The defendant's had planned to cross into the United States in an attempt to locate his mother who had abandon him when he was 3-years of age in Mexico.

2. Within Mexico he had been captured at gunpoint, along with a childhood friend from his village, and taken to a mountain top to help the cartel secure "their land."

3. The cartel provided them with weapons, the same weapons they were arrested with in the United States. There was also a third party on top the mountain with them who was a cartel member, an enforcer, also armed.

4. The defendant and his friend, Ryan Nathan Montez, 4:26-CR-141, were both kidnapped and forced to work for, and defend the cartel's "land" west of OJ.

5. At one point, days after the two were put on the mountain top, the enforcer was asleep and the two took off hightailing it down off the mountain and towards the river they could see in the distance.

6. After they got away from the base of the mountain they looked back and could see the enforcer starting down the mountain with his weapon after them. They also saw drowns in the sky behind them looking for them in Mexico as they ran towards the river.

7. After they crossed the river they stopped running by a road. Saw a Border Patrol vehicle and tried to flag it down. They were too far away and the vehicle did not stop.

8. The saw a second Border Patrol vehicle and ran toward the road waiving. This vehicle stopped. They were sure they were safe now.

9. A review of the body camera video from Agent Rodney Wing shows the agent pull over and come to a stop with the defendant and his friend about 20 feet in front of the truck. By the time the agent gets out of his truck the two are kneeling on the ground with their hands in the air. Their weapons are six to ten feet behind them in the grass. The agent goes over to them, briefly questions them, and returns to his radio (inside his truck). The agent goes back in forth between the two and the truck a number of times. He never searched the two, handcuffed them, seizes their weapons, or determined which weapon was the one defendant was carrying for 15 minutes, before placing them in his vehicle.[1] A trained agent must have felt safe with the situation or he had several opportunities to change it if he felt threatened by the defendant close to a weapon.

10. A third person, the enforcer, was later stopped by the Border Patrol and determined to be Murillo-Travarez, 4:26-CR-140. He admitted he carried a weapon and was working for the cartel in Mexico. *See* id at paragraph 14.

11. A review of 18 U.S.C. 3553 states that a court is to consider "the nature and circumstances of the offense, and to impose a sentence sufficient, but not greater than necessary" to deter future criminal activity by the defendant.

---

[1] The defense has conferred with the Government and there is no objection to the defense submitting this video to the court.

12. A review of the facts and the evidence in this case determine that the defendant crossed the United States border illegally while carrying a firearm. The facts show that he was fleeing from capture by a Mexican cartel and seeing to surrender and protection by American Border Patrol. His dropping of his weapon without direction shows he abandon any claim, or a chance of providing the weapon to any third party.

WHEREFORE, MISAEL HERNANDEZ-RODRIGUEZ, Defendant respectfully requests the Court vary downward from the recommended Guideline sentence in this case.

RESPECTFULLY SUBMITTED,

____/S/____________________________

W. E. HERMAN III
P.O. Box 252
Alpine, Texas 79831
Tel: (432) 244-4023
rustyh92n@hotmail.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, W. E. Herman III do hereby certify that on November 17, 2026, a true and correct copy of the above and foregoing Motion For Downward Variance was electronically filed with the Clerk of Court using CM/ECF system which will provide copy to United States Attorney Office, 2500 N Hwy. 118, Alpine, Texas.

___/S/_____________________________
W. E. HERMAN III

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs | § | No. P: 26-CR-139-001 |
| | § | |
| MISAEL HERNANDEZ-RODRIGUEZ | § | |

**ORDER ON**
**MOTION FOR DOWNWARD VARIANCE**

After review of the foregoing Motion For Downward Variance the Court is of the opinion that the defendant's Guideline Imprisonment Range of 57 months to 71 months is reduced to: ________ months, with ______ years Supervised Release.

__________________________________
DAVID COUNTS
UNITED STATES DISTRICT JUDGE